1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT
9                         NORTHERN DISTRICT OF CALIFORNIA
10                                  SAN JOSE DIVISION
11
12                                              )   Case No.: C 09-2889 JW (PVT)
                                                )
13   IN RE INTEL LAPTOP BATTERY                 )   **ORDER A**MENDING **S**TIPULATED
     LITIGATION,                                )   **P**ROTECTIVE **O**RDER TO **A**DDRESS
14                                              )   **H**ANDLING OF **I**NADVERTENTLY
                                                )   **P**RODUCED **P**RIVILEGED **D**OCUMENTS
15   _____  )

16       On April 2, 2010, the parties submitted a stipulation and proposed order regarding the

17   handling of inadvertently produced privileged documents.  Based on the parties' stipulation,

18       IT IS HEREBY ORDERED that the Stipulated Protective Order entered in this action on

19   January 14, 2010 (docket no. 54), is amended to add the following Paragraph 13:

20       13.    Each party shall make efforts that are reasonably designed to protect its
         privileged materials. *See Gomez v. Vernon*, 255 F.3d 1118, 1131-32 (9th Cir. 2001).
21       What constitutes efforts that are "reasonably designed" to protect privileged materials
         depends on the circumstances; the law does not require 'strenuous or Herculean
22       efforts,' just 'reasonable efforts.' *See, e.g., Hynix Semiconductor, Inc. v. Rambus,
         Inc*. 2008 WL 350641, *1–*2 (ND Cal., Feb. 2, 2008); *see also,* FED.R.CIV.PRO.
23       26(f)(3) advisory committee's notes to 2006 amendments (discussing the substantial
         costs and delays that can result from attempts to avoid waiving privilege, particularly
24       when discovery of electronic information is involved).  When a particular Rule 34
         request requires a production or inspection that is too voluminous, expedited or
25       complex (such as certain electronic productions) to allow for an adequate pre-
         production review, the parties may enter into non-waiver agreements for that
26       particular production.  If the requesting party is unwilling to enter into such an
         agreement, the Producing Party may move the court for a non-waiver order.
27
         In the event that, despite reasonable efforts, a Producing Party discovers it has
28       inadvertently produced privileged materials, then as soon as reasonably possible the
         Producing party shall notify the Receiving Party that the document(s) or materials

should have been withheld on grounds of privilege. After the Receiving Party receives this notice from the Producing Party under this paragraph, the Receiving Party shall not disclose or release the inadvertently produced material to any person or entity pending resolution of the Producing Party's claim of privilege. The parties shall hold a meet and confer, as defined in Civil Local Rule 1-5(n), as soon as reasonably possible after a notice of inadvertent production. If the Producing Party and Receiving Party agree that the inadvertently produced material is privileged, and was disclosed despite efforts by the Producing Party that were 'reasonably designed' to protect the materials, then the Receiving Party shall: 1) refrain from any further examination or disclosure of such document(s); 2) return or certify the destruction of all copies (including summaries and excerpts) of such material; and (c) not use such material for any purpose. If no agreement is reached, then within 10 court days after the meet and confer, the Producing Party must seek a ruling from this court to establish that the material is privileged and that the Producing Party did not waive the privilege by inadvertently producing the material. If the Producing Party seeks such a ruling, the Receiving Party shall not disclose or release the inadvertently produced material to any person or entity pending the court's ruling on the Producing Party's motion.

IT IS FURTHER ORDERED that all other provisions of the Stipulated Protective Order remain in force.

Dated: *April 5, 2010*

*[signature]*
PATRICIA V. TRUMBULL
United States Magistrate Judge

ORDER, *page 2*