1  RAOUL D. KENNEDY (CA Bar No. 40892)
   JAMES P. SCHAEFER (CA Bar No. 250417)
2  JOAN E. SHREFFLER (CA Bar No. 245629)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
3  Four Embarcadero Center, Suite 3800
   San Francisco, California  94111-4144
4  Telephone:  (415) 984-6400
   Facsimile:   (415) 984-2698
5  Email: rkennedy@skadden.com; jshreffler@skadden.com;
   jschaefer@skadden.com
6
   JOSEPH E. MAIS (CA Bar No. 103756)
7  ANTHONY L. MARKS (AZ Bar No. 012258)
   TIMOTHY J. FRANKS (CA Bar No. 197645)
8  DAN L. BAGATELL (CA Bar No. 218879)
   PERKINS COIE BROWN & BAIN P.A.
9  2901 North Central Avenue
   Post Office Box 400
10 Phoenix, AZ  85001-0400
   Telephone:  (602) 351-8000
11 Facsimile:  (602) 648-7000
   Email: jmais@perkinscoie.com; amarks@perkinscoie.com;
12 tfranks@perkinscoie.com; dbagatell@perkinscoie.com

13 PHILIP A. LEIDER (CA Bar No. 229751)
   PERKINS COIE LLP
14 Four Embarcadero Center, Suite 2400
   San Francisco, California  94111-4131
15 Telephone:  (415) 344-7000
   Facsimile:  (415) 344-7050
16 Email:  pleider@perkinscoie.com

17 Attorneys for Defendant
   INTEL CORPORATION

18
19                     UNITED STATES DISTRICT COURT
20                    NORTHERN DISTRICT OF CALIFORNIA
21                           SAN JOSE DIVISION
22

| | |
|---|---|
| 23  IN RE INTEL LAPTOP BATTERY LITIGATION | CASE NO. 5:09-cv-02889-JW (PVT) |
| 24 | **STIPULATION AND ORDER REGARDING THE PRODUCTION OF DOCUMENTS** |

27
28

**STIPULATION AND ORDER**
20336-1273/LEGAL17373013.4

5:09-CV-02889-JW (PVT)

1  WHEREAS, the Parties have agreed upon a protocol for production of Intel Corporation's
2  documents to plaintiffs that will consist of (1) the production from five Intel custodians of all
3  non-privileged documents dated prior to June 25, 2009, that contain one or more agreed search
4  terms, and (2) the production of non-privileged materials from the *Skold v. Intel* and *Barbara's*
5  *Sales v. Intel* cases, and (3) the production of non-privileged documents dated prior to June 25,
6  2009, that are in the possession, custody or control of the Business Application Performance Co.
7  ("BAPCo") and that contain one or more agreed search terms ("First Production Materials");
8  WHEREAS, the First Production Materials are voluminous, and the Parties are anxious to
9  produce those materials to plaintiffs' counsel as quickly as possible to meet the current case
10  management schedule;
11  WHEREAS, Intel and BAPCo have taken measures they believe are reasonable in the
12  circumstances to identify privileged materials within the First Production Materials;
13  WHEREAS, in producing the First Production Materials, the Parties do not intend for
14  Intel or BAPCo to waive their right to assert the attorney-client privilege, work product
15  immunity, or any other applicable privilege or immunity as to any documents produced;
16  WHEREAS, the Parties seek to create a mechanism to provide for the return of documents
17  protected from disclosure by the attorney-client privilege, work product immunity, or any other
18  applicable privilege or immunity should Intel or BAPCo inadvertently or unintentionally disclose
19  any such documents in the First Production Materials;
20  NOW THEREFORE, the Parties stipulate as follows:
21  1.  Intel and BAPCo do not waive, and are not estopped from asserting, the attorney-
22  client privilege, work product immunity, or any other applicable privilege or immunity by
23  producing documents or things, or making them available for inspection, in the First Production
24  Materials.  If the Producing Party becomes aware of any inadvertent or unintentional disclosure, it
25  may designate such documents as within the attorney-client privilege, work product immunity or
26  any other applicable privilege or immunity, and request in writing return of such documents to the
27  Producing Party.  Upon request by the Producing Party, the Receiving Party shall (a) refrain from
28  any further examination or disclosure of such document(s); (b) immediately retrieve and return all

**STIPULATION AND ORDER**
20336-1273/LEGAL17373013.4

-2-

5:09-cv-02889-JW (PVT)

1  copies of such document(s) (including summaries and excerpts) to counsel for the Producing
2  Party; and (c) not use such document(s) for any purpose until further order of the Court.  The
3  Producing Party must retain a copy of any document(s) that are returned until any disputes
4  concerning such documents have been resolved.

5        2.    If a Receiving Party reasonably believes that a Producing Party has inadvertently
6  produced any documents, data or information that is potentially privileged, the Receiving Party
7  shall (a) refrain from any further examination or disclosure of such material; (b) promptly notify
8  the Producing Party and specifically identify the information (by document number or other
9  equally precise description); and (c) give the Producing Party ten (10) days to respond as to
10 whether the material was, in fact, inadvertently produced.  If the Producing Party makes a claim
11 of inadvertent production, the provisions of paragraph (1) above shall apply.

12       3.    Nothing herein shall prevent the Receiving Party from challenging the propriety of
13 the attorney-client privilege, work product immunity, or other applicable privilege or immunity
14 designation by filing a written motion filed under seal with the Court; provided, however, that
15 such challenge shall not assert as a ground for challenge the fact of the initial production or
16 inspection of the documents later designated as attorney-client privileged, work product, or
17 subject to another applicable privilege or immunity.

18       4.    Pursuant to Fed. R. Evid. 502(e), this agreement is binding on third-parties,
19 provided that it has been entered by the Court.

21 **IT IS SO STIPULATED.**

22 DATED: April 14, 2010    GIRARD GIBBS LLP

By: _____/s/ Geoffrey A. Munroe_____
                Geoffrey A. Munroe

Interim Class Counsel for Plaintiffs

| | |
|---|---|
| DATED: April 14, 2010 | PERKINS COIE BROWN & BAIN P.A. |
| | By: _____/s/ Timothy J. Franks_____ |
| | Timothy J. Franks |
| | Attorneys for Defendant |
| | INTEL CORPORATION |
| DATED: April 14, 2010 | NARANCIC & KATZMAN, PC |
| | By: _____/s/ Perry J. Narancic_____ |
| | Perry J. Narancic |
| | Attorneys for Defendant |
| | BUSINESS APPLICATIONS PERFORMANCE CORPORATION |

## ORDER

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: *April 15, 2010*

_____[signature] Patricia V. Trumbull_____
The Honorable Patricia V. Trumbull
United States Magistrate