United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In Re Intel Laptop Battery Litigation | NO. C 09-02889 JW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT INTEL'S MOTION FOR SUMMARY JUDGMENT; DEEMING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AS WITHDRAWN** |

## I. INTRODUCTION

Barry Wachsler, Diane Murphy and Maria Rodriquez (collectively, "Plaintiffs") bring this putative class action against Intel Corporation ("Intel") and Business Applications Performance Corporation ("BAPCo") (collectively, "Defendants"), alleging a violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*. Plaintiff alleges that Defendant Intel engages in unfair business practices by using a supposedly neutral third party, Defendant BAPCo, as a front to release its computer MobileMark® 2007 benchmarking programs ("MM07") that Intel actually writes to benefit its own products.

Presently before the Court are Intel's Motion for Summary Judgment[1] and Plaintiffs' Motion for Class Certification.[2] The Court finds it appropriate to take the Motions under submission

---

[1] (Defendant Intel Corporation's Notice of Alternative Motions and Motions for Summary Judgment, Partial Summary Judgment or for Establishment of Facts, hereafter, "Motion," Docket Item No. 93 (filed under seal).)

[2] (Plaintiffs' Motion for Class Certification (filed under seal).)

without oral argument.  See Civ. L.R. 7-1(b).  Based on the papers submitted to date, the Court GRANTS in part and DENIES in part Intel's Motion for Summary Judgment and deems as withdrawn Plaintiffs' Motion for Class Certification.

## II. BACKGROUND

The Court reviews the procedural history as relevant to these Motions.

On June 26, 2009, Esmeralda Mendez filed the original Complaint against Defendant Intel. (Docket Item No. 1.)  On August 19, 2009, the Court related the case with Daniel's Den Inc. v. Intel Corp., Case No. 09-03356.  (Docket Item No. 20.)  On September 11, 2009, the Court related the case with Glassman v. Intel Corp., Case No. 09-03926 and HRL Burns v. Intel Corp., Case No. 09-04042.  (Docket Item No. 24.)  On November 16, 2009, the Court granted a Motion to Consolidate all four cases.  (Docket Item No. 44.)

On January 15, 2010, Plaintiffs filed their Amended Consolidated Complaint.  (Docket Item No. 55.)  On March 11, 2010, the Court related the case with Vicky Baker and Mike's Inc. v. Acer America Corp., et al., Case No. 10-00573.  (Docket Item No. 67.)  On April 19, 2010, Plaintiffs filed their Second Amended Consolidated Complaint, which is the operative Complaint, alleging a single cause of action of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq*.  (hereafter, "SACC," Docket Item No. 77.)

Presently before the Court are Intel's Motion for Summary Judgment and Plaintiffs' Motion for Class Certification.

## III. STANDARDS

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses." Celotex v. Catrett, 477 U.S. 317, 323-24 (1986).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion . . . ." Celotex, 477 U.S. at 323.  "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (a) citing to particular parts of materials in the

record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (b) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may. . . grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3).

When evaluating a motion for summary judgment, the court views the evidence through the prism of the evidentiary standard of proof that would pertain at trial. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 255 (1986). The court draws all reasonable inferences in favor of the non-moving party, including questions of credibility and of the weight that particular evidence is accorded. See, e.g., Masson v. New Yorker Magazine, Inc., 501 U.S. 496, 520 (1992). The court determines whether the non-moving party's "specific facts," coupled with disputed background or contextual facts, are such that a reasonable jury might return a verdict for the non-moving party. T.W. Elec. Serv. v. Pac. Elec. Contractors, 809 F.2d 626, 631 (9th Cir. 1987). In such a case, summary judgment is inappropriate. Anderson, 477 U.S. at 248. However, where a rational trier of fact could not find for the non-moving party based on the record as a whole, there is no "genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986).

## IV. DISCUSSION

As a preliminary matter, since the parties have filed most of the evidence supporting and opposing the Motions under seal, this Order only summarizes the sealed evidence and provides general citations to theسsealed evidence but does not reveal their contents to protect the parties' confidential information.

**A.    Defendant Intel's Motion for Summary Judgment**

Defendant Intel moves for summary judgment on the grounds that: (1) none of the named Plaintiffs have standing; (2) Plaintiffs' claim that Intel wrote MM07 and wrongfully passed it off

3

fails as a matter of law; and (3) there is no support for Plaintiffs' price inflation theory. (Motion at 1-2.) In the alternative, Defendant Intel seeks an Order establishing certain facts. (Id. at 2.) The Court addresses each of Defendant Intel's contentions in turn.

### 1. Standing

Defendant Intel contends that Plaintiffs do not have standing on the grounds that: (1) Plaintiffs Wachsler and Rodriquez did not pay for their laptops and hence suffered no injury; and (2) non-California residents may not bring a UCL claim. (Motion at 8-11.) In response, Plaintiffs concede that Plaintiffs Murphy and Rodriguez do not have standing, but contend that Plaintiff Wachsler suffered a cognizable injury and hence is entitled to bring a UCL claim.[3]

The UCL requires that a named plaintiff be someone "who has suffered injury in fact and has lost money or property as a result of the unfair competition." Clayworth v. Pfizer, Inc., 49 Cal. 4th 758, 788 (Cal. 2010); Cal. Bus. & Prof. Code § 17204.

First, the Court rejects Defendant's contention that Plaintiff Wachsler does not have standing to bring a UCL claim merely because he is a New York citizen. Extraterritorial application of the UCL is not barred where the alleged wrongful conduct occurred in California.[4] The alleged unfair business practices that Plaintiff Wachsler seeks to enjoin originated in California, where both Intel and BAPCo are headquartered. (See, e.g., SACC ¶¶ 11-12.) As such, application of California's UCL to the claims of an out-of-state resident or corporation is appropriate.

However, a shareholder or officer of a corporation generally cannot recover for legal injuries suffered by the corporation. See e.g., Heart of Am. Grain Inspection Serv., Inc. v. Mo. Dep't of Agric., 123 F.3d 1098, 1102 (8th Cir. 1997). This rule applies even to a corporation's sole shareholder. See Smith Setzer & Sons, Inc. v. S. C. Procurement Review Panel, 20 F.3d 1311, 1317 (4th Cir. 1994).

---

[3] (Plaintiffs' Opposition to Intel's Motion for Summary Judgment at 17-19, hereafter, "Opp'n," Docket Item No. 138 (filed under seal).)

[4] Norwest Mortgage, Inc. v. Superior Court, 72 Cal. App. 4th 214, 224-25 (Cal. Ct. App. 1999); Parkinson v. Hyundai Motor Am., 258 F.R.D. 580, 598 (C.D. Cal. 2008).

4

Here, Plaintiff Wachsler submitted a declaration that he purchased his laptop using funds from Dart Seasonal Products, Inc. ("Dart"), a small business that he co-owns.[5] As corporate funds were used to purchase the laptop at issue, Plaintiff Wachsler did not personally loose any money in association with the transaction. Rather, Dart would have suffered the injury and lost money as a result of Defendant Intel's alleged unfair competition. Thus, the Court finds that Plaintiff Wachsler does not have standing.

Accordingly, the Court GRANTS Defendant Intel's Motion for Summary Judgment as to the named Plaintiffs' standing. However, as Dart suffered a cognizable injury under the UCL, the Court grants leave for Plaintiffs to file a Third Amended Complaint to cure this defect.

### 2.     Plaintiffs' Claim that Intel Wrote MM07

Defendant Intel contends that Plaintiffs' UCL claim fails as a matter of law because Intel did not write or wrongfully pass off MM07. (Motion at 8.)

Section 17200 of the UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. Because section 17200 is written in the disjunctive, a business practice need only meet one of the three criteria—unlawful, unfair or fraudulent— to violate the UCL. Daro v. Superior Court, 151 Cal. App. 4th 1079, 1093 (Cal. Ct. App. 2007). Under the "unfairness" prong, a practice violates the UCL if it "offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." Smith v. State Farm Mutual Automobile Ins. Co., 93 Cal. App. 4th 700, 719 (Cal. Ct. App. 2001). Under the "fraudulent" prong, a claim "can be based upon representations that deceive because they are untrue as well as representations that may be accurate on some level but nonetheless tend to mislead or deceive." Gutierrez v. Wells Fargo Bank, N.A., No. 07-05923, 2010 U.S. Dist. LEXIS 85123, at *130 (N.D. Cal. Aug. 10, 2010).

---

[5] (Declaration of Barry Wachsler in Opposition to Intel's Motion for Summary Judgment ¶ 4, hereafter, "Wachsler Decl.," Docket Item No. 124.)

5

Here, in support of its contention that Intel did not write or wrongfully pass off MM07, Defendant submits a declaration from Herman de Hoop, an employee of HP which is one of the member companies that participates in BAPCo.[6] Mr. de Hoop states in his declaration that MM07 was devised and written by numerous companies, and that Intel did not wrongfully disseminate MM07 as a BAPCo product. (de Hoop Decl. ¶¶ 31, 34, 41, 42.)

In response, Plaintiffs present various internal documents, summarized briefly so as to not reveal their confidential contents, that Defendant Intel: (1) writes the benchmarks internally to support its products and then donates those benchmarks to BAPCo to make them look neutral;[7] and (2) dominates and controls the BAPCo development process.[8]

Given this competing evidence, the Court finds that issues of material fact preclude summary judgment as to Plaintiffs' UCL claim. For example, the parties contest whether Defendant Intel created MM07, whether Defendant Intel dominated, and hence controlled the BAPCo process and whether Defendant Intel uses BAPCo to pass of their benchmarks as independent.

Accordingly, the Court DENIES Defendant's Motion for Summary Judgment as to Plaintiffs' UCL Claim on the ground that Defendant Intel did not write or wrongfully pass off MM07.

### 3. Plaintiffs' Price Inflation Theory

Defendant Intel contends that Plaintiffs are not entitled to pursue a fraud-on-the-market or price inflation theory on the grounds that such a theory fails as a matter of law. (Motion at 9-10.) Plaintiffs respond that they are no longer pursuing a price inflation or fraud-on-the-market theory

---

[6] (Declaration of Herman de Hoop in Support of Defendant Intel's Motion for Summary Judgment, hereafter, "de Hoop Decl.," Docket Item No. 93 (filed under seal).)

[7] (See, e.g., Declaration of Eric Gibbs in Support of Plaintiffs' Opposition to Summary Judgment, Exs. 1-2, hereafter, "Gibbs Decl.," Docket Item No. 139 (filed under seal).)

[8] (See, e.g., Gibbs Decl., Ex. 3.)

6

because they are only seeking injunctive relief. (Opp'n at 20.) Accordingly, the Court DENIES as moot Defendant's Motion for Summary Judgment as to Plaintiffs' price inflation theory.

### 4. Request for Order Establishing Certain Facts

Defendant Intel requests the Court to find that certain proposed facts should be deemed established at trial pursuant to Federal Rule of Civil Procedure 56(g) on the grounds that these facts are not genuinely in dispute. (Motion at 11-12.)

Rule 56(g) provides that: "If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact--including an item of damages or other relief--that is not genuinely in dispute and treating the fact as established in the case." Fed. R. Civ. P. 56(g).

Here, Defendant Intel contends the following facts are not in dispute:

> **Proposed Fact #1: Intel did not create MM07 [Mobile Mark 2007] to unfairly favor Intel processors over competing products. MM07 was a collaborative effort, involving numerous other BAPCo members, including some of Intel's principal competitors.**
>
> **Proposed Fact #2: Intel did not unfairly pass MM07 off to the public as a BAPCo benchmark. MM07 is a benchmark developed and released by BAPCo.**

(Motion at 12.) The Court has found that a genuine dispute exists as to whether Defendant Intel created the BAPCo benchmarks, including MM07, to unfairly favor its processors. Moreover, the parties also dispute whether Defendant Intel dominated the BAPCo and MM07 process. Accordingly, the Court DENIES Defendant Intel's Motion as to Proposed Fact Numbers 1 and 2.

> **Proposed Fact #3: Plaintiff Maria Rodriguez did not purchase the laptop computer at issue in this case.**

(Motion at 12.) Plaintiffs agree that "Ms. Rodriguez's mother purchased the laptop for her." (Opp'n at 23.) Plaintiffs also concede that Plaintiff Rodriguez does not have standing. (Id. at 17.) Accordingly, the Court DENIES Defendant Intel's Motion as to Proposed Fact Number 3 as moot.

> **Proposed Fact #4: Plaintiff Barry Wachsler did not purchase the laptop computer at issue in this case**.

(Motion at 12.) As discussed above, Plaintiff Wachsler submitted a declaration that he purchased his laptop using his company's account. (See, e.g., Wachsler Decl. ¶ 2.) Accordingly, the Court GRANTS Defendant Intel's Motion as to Proposed Fact Number 4.

7

**Proposed Fact #5: None of the Plaintiffs was exposed to battery life scores based on MM07 that relate to the laptops identified in the Second Amended Consolidated Complaint.**

**Proposed Fact #6: None of the Plaintiffs relied on battery life scores based on MM07 in connection with the laptops identified in the Second Amended Consolidated Complaint.**

(Motion at 12.) Here, Mr. Wachsler, a co-owner of Dart,[9] states in his declaration that he researched his Intel laptop's battery life by reviewing third-party Lenovo's website and by speaking with a Lenovo customer representative, where he learned that the laptop's battery life had been measured at 6.5 hours. (See Wachsler Decl. ¶ 4.) Lenovo's measurement, in turn, was based on results from the MM07 benchmark.[10] In fact, Lenovo based its published battery life times exclusively on the MM07 benchmark. (Yokota Decl. ¶ 4.) Mr. Wachsler's declaration also states that, were it not for the 6.5 hour battery specification generated by MobileMark, he would not have purchased his laptop. (Wachsler Decl. ¶ 5.) Accordingly, the Court DENIES Defendant Intel's Motion as to Proposed Facts Numbers 5 and 6.

## B. Plaintiffs' Motion for Class Certification

On November 30, 2010, Plaintiffs filed a Notice of Withdrawal of their Motion for Class Certification. (hereafter, "Notice," Docket Item No. 145.) In the Notice, Plaintiffs indicate that Defendants have conceded that the injunctive relief sought by the Plaintiff Class is available on an individual basis and thus class certification is unnecessary. (Notice at 1.)

The case was originally filed under the Class Action Fairness Act, 28 U.S.C. § 1332(d) (CAFA).[11] Thus, there is an issue as to whether the Court retains jurisdiction after Plaintiffs' voluntarily withdrew their Motion for Class Certification and admit that this is no longer a class action case.

---

[9] "A corporation acts through its agents and officers." United States v. W.F. Brinkley & Son Constr. Co., 783 F.2d 1157, 1159 n.5 (4th Cir. 1986); see also United States v. One Parcel of Land, 965 F.2d 311, 316 (7th Cir. 1992).

[10] (Declaration of Sohichi Yokota in Opposition to Intel's Motion for Summary Judgment ¶¶ 4, 5, 7, hereafter, "Yokota Decl.," Docket Item No. 125.)

[11] (SACC ¶ 6.)

With respect to jurisdiction under 28 U.S.C. § 1332(d), the Ninth Circuit has reasoned that: (1) "[CAFA]'s jurisdictional limitation applies to 'proposed' classes"; (2) "jurisdictional facts are assessed *at the time of removal*"; and (3) "post-removal events (including non- or de-certification) do not deprive federal courts of subject matter jurisdiction." United Steel v. Shell Oil Co., 602 F.3d 1087, 1091 (9th Cir. 2010) (emphasis in original) (citing Vega v. T-Mobile USA, Inc., 564 F.3d 1256, 1268 n.12 (11th Cir. 2009).) Thus, the federal jurisdictional question must be analyzed as of when the suit is *filed* as a class action, not when the class is or is not *certified*. United Steel, 602 F. 3d at 1091 (citing Cunningham Charter Corp. V. Learjet, Inc., 592 F.3d 805, 806 (7th Cir. 2010).) "[P]ost-filing developments do not defeat jurisdiction if jurisdiction was properly invoked as of the time of filing." United Steel, 602 F.3d at 1091-92.

Here, when the action was originally filed, Plaintiffs alleged that "[t]he aggregated claims of the individual class members exceed the sum value of $5,000,000" as required for CAFA jurisdiction. (SACC ¶ 6.) Then, as a result of post-filing developments, Plaintiffs are no longer seeking damages or class certification. (See Opp'n at 20; Notice at 1.) Thus, the Court finds jurisdiction remains proper in federal court because at the time of filing, Plaintiffs properly invoked federal jurisdiction under CAFA.

Accordingly, the Court deems Plaintiffs' Motion for Class Certification as properly withdrawn.

### V. CONCLUSION

The Court GRANTS in part and DENIES in part Intel's Motion for Summary Judgment and deems Plaintiffs' Motion for Class Certification as withdrawn. The Court orders as follows:

(1) Plaintiffs Diane Murphy, Maria Rodriquez, and Barry Wachsler's are DISMISSED from the case with prejudice because they lack standing.

9

(2) On or before **January 14, 2011**, Plaintiffs shall file a Third Amended Consolidated Complaint consistent with the terms of this Order.

Dated: December 15, 2010

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Andrew S. Friedman afriedman@bffb.com
Austin P. Tighe austin@feazell-tighe.com
Dylan Hughes dsh@girardgibbs.com
Elaine A. Ryan eryan@bffb.com
Eric H. Gibbs ehg@girardgibbs.com
Geoffrey Alan Munroe gam@girardgibbs.com
James Patrick Schaefer james.schaefer@skadden.com
Joan Elizabeth Shreffler joan.shreffler@skadden.com
John Howard Banister jbanister@kilpatrickstockton.com
Krista M. Enns kenns@winston.com
Laurence D. King lking@kaplanfox.com
Linda M. Fong lfong@kaplanfox.com
Manfred Patrick Muecke mmuecke@bffb.com
Marc A. Wites mwites@wklawyers.com
Mario Man-Lung Choi mchoi@kaplanfox.com
Mark S. Reich mreich@csgrr.com
Patricia Nicole Syverson psyverson@bffb.com
Perry J. Narancic pnarancic@nk-pc.com
Philip A. Leider pleider@perkinscoie.com
Raoul Dion Kennedy rkennedy@skadden.com
Robert M. Rothman rrothman@rgrdlaw.com
Shawn A. Williams shawnw@rgrdlaw.com
Timothy J. Franks tfranks@perkinscoie.com
Todd David Carpenter tcarpenter@bffb.com

Dated: December 15, 2010                    Richard W. Wieking, Clerk

                                            By:     /s/ JW Chambers
                                                    Elizabeth Garcia
                                                    Courtroom Deputy